UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In re: Magdalina G. Kalincheva** | 2:24-MC-50711-TGB-EAS <br><br> **ORDER TRANSFERRING CASE TO CIVIL DOCKET AND DISMISSING IT WITHOUT PREJUDICE** |

The Court has received a filing, styled as a "Motion for Required Emergency Relief," from Magdalina G. Kalincheva. Kalincheva appears to be a California resident seeking to represent both her own interests and the interests of third parties without the assistance of a lawyer.

In the filing, Kalincheva complains of "RICO crimes" beginning in 1991, which have allegedly caused her to be separated from her family. The filing is difficult to understand. Among other things, Kalincheva mentions genocide, theft of property valued at trillions of dollars, extreme poverty, and plots to kill her. She lists a series of federal statutes and regulations and, on a civil cover sheet, names a series of defendants—including "Satan from another planet," U.S. Consul Walton E. Andrew, an airport in Bulgaria, several social services providers in California, the IRS, and California Superior Courts in various counties. The relief she requests is wide-ranging and includes trillions of dollars in money damages and multiple forms of injunctive relief.

1

Because she is proceeding without a lawyer, Kalincheva's submission must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). She did not tender a filing fee with her filing. As her submission appears to be intended to initiate a civil case, under different circumstances, the Court would permit her additional time to tender the fee or to submit an application to proceed in forma pauperis.

But the Court may dismiss a case "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Kalincheva's allegations fit this mold. Even generously interpreting her complaint, it is impossible to discern any articulable question that could be the subject of a case or controversy within the meaning of Article III. The allegations are lacking in coherence and plausibility. And the authority of a court sitting in Michigan to resolve a dispute between a California resident against defendants domiciled in California, other nations, and—in the case of Satan—"on another planet" is less than clear. Nor can Kalincheva, as a non-attorney, represent the interests of third parties. In short, the Court is powerless to provide Kalincheva with the kind of relief and assistance that she seeks.

The Court notes that Kalincheva has unsuccessfully filed many lawsuits nationwide similar to the present matter. As in this case, she failed in those others to allege a coherent set of factual allegations, and consequently they were dismissed for lack of jurisdiction, as frivolous, or for failure to state a claim. *See, e.g.*, *Kalincheva v. Neubarth*, No. 14-01262, 2014 WL 5106432, at *1 n.1, *3-*5 (E.D. Cal. Oct. 10, 2014) (dismissing claims for failure to state a claim, collecting prior dismissals, and warning that other actions lacking merit could result in pre-filing restrictions). Kalincheva is hereby warned that, if she continues her prior filing patterns in this district, she risks incurring pre-filing restrictions.

For now, it suffices to dismiss Kalincheva's filing for lack of subject-matter jurisdiction. For the reasons above, this case is **TRANSFERRED** to the civil docket and shall be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 10th day of June, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge